IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

SEAN S. BUCHANAN,

*Plaintiff,*

vs.

Case No. 2:13-CV-02615-EFM-JPO

CITY OF TOPEKA, KANSAS; SHAWNEE
COUNTY, KANSAS; SGT. JOHN
TRIMBLE; SGT. DON O'DELL; CHIEF OF
POLICE RONALD MILLER; LEGAL
ADVISOR JALYNN COPP; CITY
MANAGER JIM COLSON; CITY
ATTORNEY DAVE STARKEY; DISTRICT
ATTORNEY CHAD TAYLOR; KDHE BAP
SUPERVISOR CHRISTINE HOUSTON;
KDHE DEPUTY CHIEF COUNSEL TIM
KECK; and KDHE SECRETARY ROBERT
MOSER,

*Defendants.*

## MEMORANDUM AND ORDER

Plaintiff Sean S. Buchanan ("Plaintiff") seeks monetary damages from the City of

Topeka, Chief of Police Ronald Miller, Sergeant John Trimble, Sergeant Don O'Dell, Legal

Advisor Jalynn Copp, City Manager Jim Colson, and City Attorney Dave Starkey (hereinafter

collectively referred to as "the City Defendants"); District Attorney Chad Taylor, Kansas

Department of Health and Environment ("KDHE") Breath Alcohol Program Supervisor

Christine Houston, KDHE Deputy Chief Counsel Tim Keck, and KDHE Secretary Robert Moser

(hereinafter collectively referred to as "the State Defendants"); and Shawnee County, Kansas, for alleged violations of Plaintiff's Fifth and Fourteenth Amendment rights, civil conspiracy and collusion, and intentional infliction of emotional distress. This matter is before the Court on Defendants' Motions to Dismiss (Docs. 23 and 25). For the reasons stated below, Defendants' Motions are granted.

## I.      Parties

Plaintiff, Sean S. Buchanan, is an individual representing himself *pro se* with residence in Orrick, Missouri.

Defendant Sergeant John Trimble is a member of the Topeka Police Department. Sergeant Trimble was Plaintiff's arresting officer, filed the initial information against Plaintiff, and was a key witness for the state in the criminal trial.

Defendant Sergeant Don O'Dell is a member of the Topeka Police Department. Sergeant O'Dell was the Agency Custodian for the Topeka Police Department's evidential breath alcohol machines and was a key witness for the state in Plaintiff's criminal trial.

Defendant Ronald Miller is the Chief of Police for the Topeka Police Department.

Defendant Jalynn Copp is the Legal Advisor for the Topeka Police Department.

Defendant Jim Colson is the City Manager of the City of Topeka.

Defendant Dave Starkey is the City Attorney for the City of Topeka.

Defendant Chad Taylor is the Shawnee County District Attorney.

Defendant Christine Houston ("Houston") is the Breath Alcohol Program Supervisor for KDHE. Houston was also a key witness for the State in Plaintiff's criminal trial.

Defendant Tim Keck is the Deputy Chief Counsel for KDHE.

Defendant Robert Moser is the Secretary of KDHE.[1]

## II.      Factual and Procedural Background

Plaintiff's Amended Complaint sets forth the following facts. On August 31, 2010, Sergeant Trimble arrested Plaintiff for drunk driving. The State filed a complaint on January 10, 2011, charging Plaintiff with driving under the influence, misdemeanor possession of a hallucinogenic drug, and possession of drug paraphernalia.

Plaintiff's criminal trial was held from November 30, 2011, through December 2, 2011. At trial, Plaintiff was represented by attorney Douglas E. Wells. The jury returned a verdict of guilty on the charge of driving under the influence. Plaintiff filed a variety of post-trial motions, including a motion for a new trial (alleging newly discovered evidence), and a motion to dismiss for violation of speedy trial rights. On August 10, 2012, the state court dismissed Plaintiff's motions for a new trial as untimely filed and denied his motion to dismiss based upon speedy trial violations. The court continued the matter for further hearing on the issues of newly discovered evidence and ineffective assistance of counsel. Following evidentiary hearings, these motions were also denied.

Plaintiff filed a Complaint against Defendants on November 27, 2013. He subsequently filed an Amended Complaint on December 2, 2013. Plaintiff generally sets forth alleged violations of his Fifth and Fourteenth Amendment rights, civil conspiracy and collusion, and intentional infliction of emotional distress. More specifically, Plaintiff alleges that Defendants were engaged in an elaborate civil conspiracy "to fraudulently deprive [him] of his liberty and property while abusing the legal system and the public trust" both before and during his criminal

---

[1] Amended Complaint, Doc. 4, pp. 1-4.

trial. Plaintiff further alleges that Defendants knowingly conspired against him by: (1) offering false statements at his trial while under oath, (2) engaging in official misconduct, (3) endorsing or instructing subordinates to engage in official misconduct, (4) failing to react or respond to official misconduct by subordinates, and (5) engaging in other abuses of the legal system.

Defendant Shawnee County, Kansas filed a motion to dismiss Plaintiff's Complaint on December 30, 2013. In response to this motion, Plaintiff dropped District Attorney Chad Taylor and Shawnee County, Kansas as parties to this action.[2] The remaining Defendants now seek to dismiss Plaintiff's claims in their entirety.

### III.    Legal Standard

Under Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted.[3] Upon such motion, the court must decide "whether the complaint contains 'enough facts to state a claim to relief that is plausible on its face.'"[4]  A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is liable for the alleged misconduct.[5]  The plausibility standard reflects the requirement in Rule 8 that pleadings provide defendants with fair notice of the nature of the claims as well as the grounds upon which each claim rests.[6]  Under Rule 12(b)(6), the court must accept as true all factual allegations in the

---

[2] Plaintiff's Response to Defendant's Motion to Dismiss, Doc. 24, p. 1.

[3] FED. R. CIV. P. 12(b)(6).

[4] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009).

[5] *Iqbal*, 566 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).

[6] *See Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (internal citations omitted); *see also* FED. R. CIV. P. 8(a)(2) ("A pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief.").

complaint, but need not afford such a presumption to legal conclusions.[7]  Viewing the complaint

in this manner, the court must decide whether the plaintiff's allegations give rise to more than

speculative possibilities.[8]  If the allegations in the complaint are "so general that they encompass

a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims

across the line from conceivable to plausible.'"[9]

## IV.    Analysis

Plaintiff's Amended Complaint sets forth several causes of action including: (1)

violations of Plaintiff's Fifth and Fourteenth Amendment rights, (2) civil conspiracy and/or

collusion, and (3) intentional infliction of emotional distress.[10]

**Plaintiff's Causes of Action Fail to State a Claim due to the *Heck* Doctrine**

Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

Although Plaintiff does not specifically address the statute in his amended *pro se* pleadings, it is

clear by the nature of his claims that he brings constitutional claims pursuant to 42 U.S.C. §

1983.[11] Section 1983 allows plaintiffs to bring claims for alleged constitutional violations

committed by individual parties if the violating parties are state actors acting "under color of any

statute, ordinance, regulation, custom, or usage of any State or Territory or the District of

---

[7] *Iqbal*, 556 U.S. at 678-79.

[8] *See id.* at 678. ("The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

[9] *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570).

[10] Amended Complaint, Doc. 4, pp. 15-17.

[11] *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[I]f the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements.").

Columbia."[12] Because "[a] pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," the Court recognizes that these § 1983 claims cannot be ignored simply because Plaintiff did not specifically enunciate the statute in his complaint.[13] If the Court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail," it will do so.[14] Here, it is clear that Defendants were state actors acting under color of state law.[15]

Although Plaintiff claims he is "attacking unconstitutional procedures and conduct" and not the "end result (conviction) of his criminal proceedings," the crux of each of Plaintiff's claims focuses on the validity of his conviction.[16] Plaintiff alleges that Defendants were engaged in an elaborate conspiracy that violated his Fifth and Fourteenth Amendment rights to due process and a fair trial.[17] This conspiracy, as perceived by Plaintiff, contributed directly to his conviction for driving under the influence. Plaintiff further alleges that Defendants were engaged in various abuses of the legal system and official misconduct including falsification of evidence, misrepresentation of official documents, false certifications, perjury, and false testimony at

---

[12] 42 U.S.C. § 1983.

[13] *Hall*, 935 F.2d at 1110 (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

[14] *Id.*

[15] *See Anderson v. Suiters*, 499 F.3d 1228 (10th Cir. 2007) (finding that a police officer was a state actor under 42 U.S.C. § 1983); *Lewis v. City of Topeka*, 305 F. Supp. 2d 1209 (D. Kan. 2004) (finding that police officers and other officials could be held liable under 42 U.S.C. § 1983, but might be protected by immunity); *Melton v. City of Oklahoma City*, 879 F.2d 706 (10th Cir. 1989) (finding that a city manager could be held liable under 42 U.S.C. § 1983); *Ames v. Miller*, 247 Fed. App'x 131 (10th Cir. 2007) (finding that a city attorney could be held liable under 42 U.S.C. § 1983 if properly plead); and *Comprehensive Health of Planned Parenthood of Kansas and Mid-Missouri, Inc., v. Templeton*, 954 F. Supp. 2d 1205 (D. Kan. 2013) (finding that KDHE officials, acting in their official capacities, can be sued under 42 U.S.C. § 1983).

[16] Plaintiff's Response to Defendant's Motion to Dismiss, Doc 27, p. 4.

[17] Amended Complaint, Doc. 4, p. 15.

trial.[18] Each of these claims, if decided in favor of Plaintiff, would necessarily challenge the validity of his prior criminal conviction.

The United States Supreme Court, in *Heck v. Humphrey*,[19] held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.[20]

If "judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."[21] A records search indicates that Plaintiff's conviction is currently on appeal with the Kansas Court of Appeals.[22] Because a judgment in favor of Plaintiff in this case would necessarily imply the invalidity of his past criminal conviction, and because Plaintiff has neither been exonerated nor received any other postconviction relief in his prior criminal conviction, the Amended Complaint must be dismissed.[23]

---

[18] *See* Amended Complaint, Doc. 4, pp. 4-15.

[19] 512 U.S. 477 (1994).

[20] *Id.* at 486-87.

[21] *Id.* at 487.

[22] *Kansas v. Buchanan*, No. 109460.

[23] Both the State and City Defendants also claim that they have been improperly served. In most instances of improper service, the Court will grant the Plaintiff additional time to effect proper service. However, because proper service will not change the outcome in this case, the Court will not require Plaintiff to complete this futile act.

**IT IS THEREFORE ORDERED** that Defendants' Motions to Dismiss (Docs. 23 and 25) are hereby **GRANTED**. Defendant, Shawnee County's Motion to Dismiss (Doc. 12) is **FOUND AS MOOT**.

**IT IS SO ORDERED**.

Dated this 29th day of July, 2014.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE